# In the United States Court of Federal Claims

No. 22-422
(Filed: 14 December 2022)
NOT FOR PUBLICATION

```
*************************************
LESA J. WERME,                        *
                                      *
                    Plaintiff,        *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
                    Defendant.        *
                                      *
*************************************
```

## ORDER

**HOLTE**, **Judge**.

On 11 April 2020, *pro se* plaintiff Lesa J. Werme filed a complaint contending the district court judge presiding over her defamation action effected a judicial taking by failing to recuse from the case for having an alleged financial interest in plaintiff's title insurance company. Plaintiff requested the Court declare the foreclosure and sale of her home void, restore and quiet title for the property to plaintiff, and award damages.  *See* Compl., ECF No. 1.  Plaintiff also filed an amended complaint on 20 April 2022 adding an illegal exaction theory and continuing her reliance on the Fifth Amendment as a money-mandating source for the Court's jurisdiction for her case.  *See* Am. Compl., ECF No. 10.  On 24 August 2022, the Court dismissed the case for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").  *See* Order, ECF No. 16.  In its Order, the Court held *inter alia* "[p]laintiff's claim requires the Court to consider the financial interests of a federal district court judge, determine whether that judge was obligated to recuse as plaintiff alleges, and then consider the damages, if any, that resulted from that decision."  *Id.* at 6.  Judicial misconduct complaints, however, "are not properly brought in this court; they must be brought in the court of appeals for the circuit in which the alleged judicial misconduct occurred."  *O'Connor v. United States*, No. 09-334, 2009 WL 4020235, at *2 (Fed. Cl. Nov. 6, 2009).  Consequently, the Court held it does not have jurisdiction over plaintiff's claims under the Tucker Act.  *Id.* at 6–7; *see* 28 U.S.C. § 1491(a)(1).  On 31 August 2022, plaintiff filed a motion for reconsideration pursuant to RCFC 59.  *See* Mot. for Recons., ECF No. 18.

RCFC 59(a)(1) provides the Court may grant a motion for reconsideration:  "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; [or] (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  "Motions for reconsideration must be supported 'by a showing of extraordinary

circumstances which justify relief.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000) (per curiam)), *holding modified by Hardy v. United States*, 965 F.3d 1338 (Fed. Cir. 2020). "Under [RCFC] 59(a)(1), a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)). A motion for reconsideration "should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" *Seldovia Native Ass'n Inc. v. United States*, 36 Fed. Cl. 593, 594 (1996) (quoting *Roche v. District of Columbia*, 18 Ct. Cl. 289, 290 (1883)). "It is not sufficient for plaintiffs to reassert the same arguments they made in earlier proceedings, nor can plaintiffs raise new arguments that could have been made earlier." *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017) (citing *Freeman v. United States*, No. 01-39, 2016 WL 943859, at *2 (Fed. Cl. Mar. 1, 2016), *aff'd*, 875 F.3d 623 (Fed. Cir. 2017)), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018). Deciding whether reconsideration is appropriate "lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted).

Plaintiff does not argue there has been a change of law or new evidence to justify reconsideration; therefore, the Court must determine whether there is "a need to correct clear factual or legal error or prevent manifest injustice." *Biery*, 818 F.3d at 711. In her motion, plaintiff attempts to relitigate issues by presenting similar legal arguments the Court found unavailing in its 24 August 2022 Order dismissing the case. *See Dairyland Power Co-op. v. United States*, 106 Fed. Cl. 102, 104 (2012) ("Reconsideration is not to be construed as an opportunity to relitigate issues already decided."). Plaintiff attempts to assert the inverse of her previous argument, noting "the [C]ourt should have found that [plaintiff's] claim of injury in fact was not based on [plaintiff's] loss or complaints about judges' decisions[] but was based on the [d]efendant's gain as a result of fraud on the [district] court executed by a federal judge." Mot. for Recons. at 3 (emphasis omitted). Attempting to shift the focus, however, does not eliminate plaintiff's request to "scrutinize the actions" of another court. *See* Order at 6; *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . ."). The only new argument plaintiff attempts to make is placing the federal district court judge's misconduct in the context of 28 U.S.C. §§ 351–364, "Complaints Against Judges and Judicial Discipline[,]" and Rule 40.3, "Complaints Against Judges[.]" Mot. For Recons. at 5 ("The Court of Claims is the only qualified court [p]ursuant to Rule 40.3 under 28 U.S.C. §§ 351–364 with subject matter jurisdiction which can render a decision and determination as void when fraud on the court is committed by a federal judge which judicial immunity does not apply . . . ."). The statute, however, directs "[a]ny person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . *may file with the clerk of the court of appeals for the circuit* a written complaint containing a brief statement of the facts constituting such conduct." 28 U.S.C. § 351(a) (emphasis added). RCFC 40.3 provides "[a] written complaint may be filed with the clerk *against any judge of the court* who has[] . . . engaged in conduct prejudicial to the effective and expeditious administration of the business of

the court[.]" RCFC 40.3(a)(1) (emphasis added).  In sum, 28 U.S.C. § 351 governs complaints against circuit judges, district judges, bankruptcy judges, and magistrate judges, whereas RCFC 40.3 pertains to Court of Federal Claims judges.  Neither authority invests this court with the authority to review the actions of a district court.  Plaintiff's complaint alleges "fraud on the [district] court, voluntary error and willful insider trading" by a federal district court judge.  Mot. for Recons. at 2.  Explicitly citing a statute does not correct the complaint's deficiency, nor does it allow the Court "to insert itself into 'the Article III hierarchy,' and perform an exclusive role of '[t]he court of appeals[.]'"  Order at 6 (quoting *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 219 (1995); 28 U.S.C. § 1291).

The Court established in its 24 August 2022 Order it lacks jurisdiction over plaintiff's claims a federal district court judge allegedly "violat[ed] requirements for financial disclosure by improper motive and breach[ed] the judicial branch . . . [by] cross[ing] over to the legislative branch in violation of the [C]onstitution."  Mot. for Recons. at 3; Order at 6; *see also Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) (holding this court is barred from reviewing district court decisions because "[p]ermitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims"); *Plaut*, 514 U.S. at 218–19 (explaining Article III "gives the Federal Judiciary the power, not merely to rule on cases, but to *decide* them, subject to review only by superior courts in the Article III hierarchy").  Plaintiff asserts this court's jurisdiction may be invoked "[p]ursuant to Rule 40.3 under 28 U.S.C. §§ 351–364[,]" but neither the statute nor the Rule confers jurisdiction on the Court to scrutinize the actions of another tribunal.  Mot. for Recons. at 5; *see* Order at 6.  Thus, it was not clear error to hold the Court lacked subject matter jurisdiction over plaintiff's claims.  *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[Plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." (citations omitted)).

Plaintiff has not met the heightened standard for the Court to grant a motion for reconsideration.  *See Kalos v. United States*, 748 F. App'x 993, 996 n.1 (Fed. Cir. 2018) (per curiam) (affirming trial court's denial of plaintiffs' motion for reconsideration where plaintiffs did not "identify an intervening change in controlling law, the availability of previously unavailable evidence, or that granting the motion would prevent manifest injustice"); *Biery*, 818 F.3d at 711.  Accordingly, the Court **DENIES** plaintiff's motion for reconsideration, ECF. No. 18.  The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order, or its original 24 August 2022 Order dismissing the case, would not be taken in good faith because, as alleged, plaintiff's claims are clearly outside the jurisdiction of this court and incurable.[1]

**IT IS SO ORDERED.**

---

[1] On 1 September 2022, the Court received a "Notice of Court Error" from plaintiff challenging instructions from the Clerk's Office "to appeal to the United States Court of Appeals for the Federal Circuit, 60 days from this date, see RCFC 58.1, re number of copies and listing of all plaintiffs.  Filing fee is $505.00."  Judgment, ECF No. 17 (emphasis omitted).  The Court further **REJECTS** plaintiff's deficient filing regarding "proceed[ing] on appeal in forma pauperis" received on 1 September 2022 as there are no RCFC provisions for filing a "Notice of Court Error."

s/ Ryan T. Holte<br>
RYAN T. HOLTE<br>
Judge